UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| LLOYD GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-38-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN/JANE DOE EMPLOYEE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is currently pending for consideration of Defendant Kathleen Sebelius', the Secretary of the Department of Health and Human Services (hereafter, "Secretary of HHS"), motion to dismiss the claims asserted in Count Five of the plaintiff's Second Amended Complaint.[1] Having considered the parties' respective arguments, the Court concludes that the motion should be granted.

**I.**

Plaintiff Lloyd Gray is a Medicare beneficiary. He filed this action in the Owen Circuit Court after sustaining injuries in connection with a slip and fall at his residence. In addition to an unknown individual, the following persons have been joined in the action as defendants: Clay Crupper, Donald Crupper, Suzanne M. Crupper Bird, Lynnette C. Crupper Chasteen, Linda C.

---

[1] The plaintiff responded to the defendant's motion to dismiss on August 11, 2010. Having reviewed the plaintiff's response, the Court concludes that a reply from the government is not needed. Further, because the Court will dismiss the claim giving rise to federal jurisdiction and not retain jurisdiction over the remaining state law claims, it is not necessary for the plaintiff to respond to the individual defendants' separate motion to remand.

Crupper Riley, Joyce Clifford, and the Secretary of HHS. Gray's Second Amended Complaint contains the following allegations:

> 11. On or about June 26, 2009 at 4:00 pm, Plaintiff Lloyd Gray was a lawful tenant at 2485 Fortner Ridge Road, Corinth, Owen County, Kentucky 41010 when Defendant John/Jane Doe Employee negligently failed to repair a leaky roof in the covered porch area. As a result of the leaking roof, the Plaintiff fell causing serious bodily injuries. Plaintiff made complaints on several occasions of the roof. There were no warning signs to caution the Plaintiff or others.

[*See* Record No. 1; attached Second Amended Complaint.] Gray asserts common law negligence and failure to warn claims against the John Doe/Jane Doe defendant in Count One of his Second Amended Complaint. In Counts Two and Three, Gray asserts similar claims against the apparent owners of the property where the accident occurred.[2]

In Count Five, the plaintiff makes the following allegations pertaining to the Secretary of HHS:

> 38. Plaintiffs [sic] Lloyd Gray had medical insurance with Defendant Medicare (Claim# Unknown) on the date of the above described accident[.]
>
> 39. As a result of the above-described accident, Defendant Medicare should pay, did pay or may have paid some of Plaintiff's medical bills from the instant accident.
>
> 40. Defendant Medicare is or may be subrogated to a portion of the Plaintiff[']s claims against Defendants' John/Jane Doe Employee and Defendant Clay Crupper and *should be required to continue to pay their obligation* and/or assert their interests or otherwise be forever barred from doing so as to any party hereto.
>
> 41. Plaintiff Lloyd Gray demand[s] that Defendant Medicare be required to continue to pay their obligation and/or assert any interest said Defendant may have in the instant matter or otherwise be forever barred in doing so as to any party hereto.

---

[2]  Gray's Second Amended Complaint does not contain a Count Four.

*Id.* (Emphasis added.) Based on the allegations contained in Count Five of the Second Amended Complaint, the Secretary of HHS properly removed the action to this Court on June 14, 2010. [*See* Record No. 1; Notice of Removal.] On July 23, 2010, the Secretary of HHS moved the Court to dismiss the claim contained in Count Five of the Second Amended Complaint because Gray failed to seek relief through the available administrative process before asserting his claim in this civil action.[3] Gray responded to this motion on August 11, 2010.

## II.

According to the defendant, Gray has received over $55,000 in conditional Medicare payments relating to the June 16, 2009, accident. With respect to the plaintiff's claim for continuing benefits and his obligation to repay benefits received from third parties, the Secretary of HHS has properly summarized the operation of the Medicare program as it applies to the present case. [*See* Record No. 5, pp. 1-4] Because of the position taken by Gray, the Court finds it necessary to repeat relevant provisions of the program here.

Under the Medicare Act, Medicare pays for covered medical items and services provided to eligible elderly and disabled individuals. 42 U.S.C. § 1395, *et seq.*[4] However, it does not provide primary coverage if other insurance is available. Instead, the Medicare secondary payer statute ("MSP"), 42 U.S.C. § 1395y(b), requires that workmen's compensation plans, liability, automobile, and no-fault insurance make primary payments for services to beneficiaries. Thus,

---

[3] The administrative process is known as the "Medicare Secondary Payer Recovery Claim Process." 42 U.S.C. § 1395y(b). The Medicare overview of this process is attached to the Secretary of HHS's Notice of Removal as Exhibit B.

[4] The Centers for Medicare and Medicaid Services ("CMS") is the federal agency within the United States Department of Health and Human Services charged with administering the Medicare program.

the Medicare program provides benefits only as a "secondary" payer. *See* Omnibus Reconciliation Act of 1980, Pub. L. No. 96-499, § 953, 94 Stat. 2599, 2647. In fact, MSP prohibits Medicare from making payments for covered medical items and services if payment has already been made or can reasonably be expected to be made by another source. 42 U.S.C. § 1395y(b)(2)(A)(i)-(ii). If the party responsible for payment is not expected to pay promptly, the MSP authorizes Medicare to pay for the beneficiary's medical care. However, the statute specifies that such payments are conditioned on reimbursement. 42 U.S.C. § 1395y(b)(2)(B)(ii). And if a beneficiary or other party receives a third party payment, "the beneficiary or other party must reimburse Medicare within 60 days." 42 C.F.R. § 411.24(h).

Once CMS receives information that an entity has responsibility for primary payment, it issues an initial determination to the beneficiary, identifying the exact amount to be reimbursed to the Medicare Trust Fund. A beneficiary may then seek administrative review of this determination. 42 U.S.C. § 1395ff(a), (b); 42 C.F.R. § 405.900, *et seq*. Further, the beneficiary's right to challenge a Medicare determination includes the right to request reconsideration, a hearing before an Administrative Law Judge ("ALJ"), review of an unfavorable ALJ decision by the Department of Health and Human Services Departmental Appeals Board, and judicial review of the Secretary's final decision. 42 C.F.R. §§ 405.940, 405.960, 405.1000, 405.1136. Finally, the statute provides that an individual may obtain judicial review only after he or she has received a "final decision" of the Secretary of HHS. 42 U.S.C. §§ 405(h), 1395ii.

In the event the Medicare program is not reimbursed for conditional payments made on a beneficiary's behalf, the United States has a direct right of action against any entity required

or responsible for primary payment. 42 U.S.C. § 1395y(b)(2)(B)(iii); 42 C.F.R. § 411.24(e). In addition, the government also has a right of subrogation and a direct right of action against any other entity that has received payment from the entity primarily responsible for payment. 42 U.S.C. § 1395y(b)(2)(B)(iii); 42 C.F.R. § 411.24(g).

**III.**

The Secretary of HHS argues that Gray's claims asserted against her must be dismissed for two reasons. First, the government has not waived its sovereign immunity from suit. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that, absent a waiver, sovereign immunity shields the federal government and its agencies from suit).[5] Second, Gray has not alleged any jurisdictional basis for his claims against her because he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 405(g).

With respect to her second argument, the defendant contends that under the relevant statutory section, an individual must receive an initial decision from the Secretary, present his claims to the Secretary, exhaust the administrative appeals process and receive a final decision before seeking judicial review of a claim arising under the Medicare Act. In the present case, Gray is still adjudicating his tort claims against the co-defendants. Therefore, his claims against the Secretary of HHS are not ripe. Further, because it has not been determined that an entity has responsibility for primary payment, the Secretary of HHS has not made an initial determination regarding whether Gray has to reimburse the Medicare trust fund. Based on the undisputed facts

---

[5] As the Secretary of HHS points out in her brief, any terms or limitation on the federal government's consent to be sued define the court's jurisdiction to entertain the action. Further, any consent to suit must be express and unequivocal. Here, the plaintiff has not alleged a waiver of sovereign immunity that would apply to the claims he seeks to assert against the federal defendant.

of this case, this argument is well-taken. *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 8-9 (1999); *Weinberger v. Salfi*, 422 U.S. 749 (1975); *Heckler v. Ringer*, 466 U.S. 602 (1984). As the Court confirmed in *Shalala*, 529 U.S. at 12, a claim for future Medicare benefits falls under 42 U.S.C. § 405(h) and all aspects of such a claim must be "channeled" through the administrative process. And § 405(h) "purports to make exclusive the judicial review method set forth in 42 U.S.C. § 405(g). *Id.* at 10.

In his response, Gray expresses "surprise" that the Secretary of HHS would seek dismissal of the claims asserted in Count Five. He also seeks to alter his claim to one in which he is simply seeking to have the government provide a bill "so that he can pay back the federal government what it is owed. Gray's argument fails for two reasons. First, as outlined above, he is not simply seeking to have the government provide a bill for reimbursement. Instead, a portion of the relief he has sought is a judgment against the Secretary of HHS requiring continuing Medicare payments.[6] Second, and of equal importance, he has failed to follow the procedures required by federal law to determine the amount of reimbursement he may be required to make. And contrary to Gray's argument, the Secretary has not "made it impossible for [him] to comply with his obligations under the Medicare Act." Those requirements are clearly set forth in the Secretary's memorandum and summarized above.

---

[6] In light of the clear and unambiguous claim for continuing benefits contained in Count Five of the Second Amended Complaint, it is disingenuous for the plaintiff's attorneys to assert as they do at page 4 of their brief that "Plaintiff has simply asked the federal government how much he needs to pay back."

**IV.**

The Secretary of HHS may not be compelled to intervene in a common law tort action to assert a subrogation interest in Medicare benefits previously paid to a party. Further, a party may not seek to compel the Secretary of HHS to continue to pay benefits in such an action. Instead, the plaintiff's only remedy is to follow the appropriate administrative procedures as outlined above. Accordingly, it is hereby

**ORDERED** as follows:

1. The motion to dismiss filed by Defendant Kathleen Sebelius, the Secretary of the Department of Health and Human Services, [Record No. 5] is **GRANTED**, and this defendant is **DISMISSED** as a party to this action.

2. Count Five of the Plaintiff's Second Amended Complaint is **DISMISSED**.

3. The motion to remand filed by Defendants Clay Crupper, Donald C. Crupper, Suzanne M. Crupper Bird, Lynnette C. Crupper Chasteen, Linda C. Crupper Riley, and Joyce Clifford [Record No. 7] is **GRANTED**.

4. All remaining claims are **REMANDED** to the Owen Circuit Court.

This 12th day of August, 2010.

